UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSE DELACRUZ,

    Petitioner,

v.                                                              Case No. 5:19-cv-149-Oc-28PRL

UNITED STATES OF AMERICA,

    Defendant.

## ORDER OF DISMISSAL

This case is before the Court on Petitioner Jose Delacruz's ("Delacruz") Motion to Vacate, Set Aside, or Correct an Illegal Sentence, filed pursuant to 28 U.S.C. § 2255 (Doc. 1). Respondents filed a Motion to Dismiss Untimely Section 2255 Motion. (Doc. 7). Delacruz did not reply. Upon review of the pleadings and the record, the Court concludes that Delacruz's § 2255 motion must be dismissed as time barred.

### I.    Background and Procedural History

On July 25, 2011, Delacruz pled guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). *See United States v. Delacruz*, Case No. 5:11-cr-18-Oc-28PRL (Criminal Case,[1] Doc. 24). At sentencing, on October 7, 2011, Delacruz was sentenced to 210 months imprisonment. (Cr. Case, Docs. 27, 28). Delacruz was required to file a notice of appeal "within 14 days after the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). Delacruz untimely filed a *pro se* notice of appeal and motion to appoint counsel on December 5, 2011. (Cr. Case, Docs. 29, 30).

---

[1] Hereinafter referred to as "Cr. Case."

The notice and motion were voluntarily dismissed on February 21, 2012. (Cr. Case, Doc. 32).

On August 27, 2015, Probation filed a memorandum as to Delacruz's eligibility for a sentence reduction pursuant to a Retroactive 2014 Drug Guidelines Amendment Assessment. (Cr. Case, Doc. 35). On November 25, 2015, Delacruz filed a *pro se* motion for a sentence reduction pursuant to Amendment 782 of the sentencing guidelines, which was subsequently denied. (Cr. Case, Docs. 39, 52). On May 13, 2016, Delacruz appealed the denial of his requested sentence reduction. (Cr. Case, Doc. 53). On December 8, 2016, the Eleventh Circuit Court of Appeals affirmed the district court's order. (Cr. Case, Doc. 58). On January 7, 2019, Delacruz filed a motion for a downward departure under U.S.S.G. § 5K1.1. (Cr. Case, Doc. 59). On January 18, 2019, the Court denied that motion. (Cr. Case, Doc. 60). Delacruz appealed the denial (Cr. Case, Doc. 61) but the appeal was dismissed for want of prosecution. (Cr. Case, Doc. 64).

The present Motion to Vacate, Set Aside, or Correct an Illegal Sentence is the first Delacruz has filed. Delacruz executed the motion on March 14, 2019. (Doc. 1). He alleges ineffective assistance of counsel for failure to file an appeal or a Rule 35 or 5K1.1 motion. *Id.* Specifically, Delacruz alleges his counsel coerced him to voluntarily dismiss his appeal. *Id.*

## II. Discussion

### a. AEDPA Limitations Period

Title 28 U.S.C. § 2255 provides in pertinent part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### b. Petitioner's § 2255 motion is untimely under 28 U.S.C. § 2255(f)(1)

Delacruz did not appeal, so his conviction became final on October 21, 2011, fourteen days after the filing of the judgment, when the time for seeking an appeal expired. *See Ramirez v. United States*, 146 F. App'x 325, 326 (11th Cir. 2005); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). The limitations period ran until it expired one year later, on October 21, 2012. The present § 2255 motion was not executed until March 14, 2019, more than six years after the expiration of the limitations period.[2] Accordingly, the motion is untimely and due to be dismissed.

### c. Petitioner is not entitled to an exception to the limitations period

The Eleventh Circuit has held that an extension of time in which to file a

---

[2] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) is the date it was signed. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

3

§ 2255 motion is warranted only if extraordinary circumstances beyond a prisoner's control make it impossible to file the motion on time. *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999). *See also Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction" (citation omitted)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). In addressing whether a court should consider the merits of a request for federal habeas relief despite the time bar because the petitioner was unlearned in the law and unaware that there was a one-year limitations period for filing a petition for federal habeas relief, the Eleventh Circuit held that "ignorance of available post-conviction remedies cannot excuse a procedural fault." *Towers v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) (citing *McCoy v. Newsome*, 953 F.2d 1252 (11th Cir. 1992); *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990)).

Additionally, a section 2255 motion based on counsel's failure to file an appeal could be considered timely under section 2255(f)(4) if the motion was filed within one year of the date the movant discovered, through the exercise of due diligence, that no appeal had been filed. *Id.; Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests

squarely on the [movant,]" and "[m]ere conclusory allegations are insufficient to raise the issue." *San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir. 2011).

Delacruz has not demonstrated entitlement to equitable tolling or any other exception to the limitations period.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. The Government's Motion to Dismiss Untimely Section 2255 Motion (Doc. 7) is **GRANTED.** Delacruz's Motion to Vacate, Set Aside, or Correct an Illegal Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED.**

2. The **Clerk of the Court** is directed to terminate any pending motions and to then close this case.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY IS DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"Where a district court has rejected a claim on the merits, the showing required" for a COA is whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Delacruz has not made the requisite showing in these circumstances. Because Delacruz is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** on April 22, 2020.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties